UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KESTER SANDY,

                              Plaintiff,

          -against-

City of New York, New York City Police
Department, RICHARD BROWN, Queens
County D.A., MARYAM LIPANSKY, Queens
County, A.D.A., LEONARD DEVLIN, NYPD
Detective (retired), GEORGE LUJACK, NYPD
Officer (retired), MICHAEL SULLIVAN,
NYPD Officer (103 Precinct),

                            Defendants.
-----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 1 3 2013 ★

BROOKLYN OFFICE

**MEMORANDUM & ORDER**

13-cv-6118 (ENV) (LB)

VITALIANO, D.J.,

      Plaintiff Kester Sandy, currently incarcerated at Auburn Correctional Facility and proceeding *pro se*, filed this action against the City of New York, New York City Police Department ("NYPD"), Queens County District Attorney Richard Brown, Assistant District Attorney Maryam Lipansky, Detective Lenoard Devlin, Police Officer George Lujack and Police Officer Michael Sullivan, alleging violations of his constitutional rights. Specifically, plaintiff alleges, that on November 4, 2009, he was falsely arrested based on evidence that was "contaminated by" Officer Lujack. During his subsequent trial, plaintiff alleges that defendants "lied, mishandled evidence, destroyed evidence and slandered [his] name." According to Sandy, on July 11, 2011, a jury acquitted him on all counts. Sandy now seeks relief against defendants for false arrest, false imprisonment and

1

malicious prosecution, pursuant to 42 U.S.C. § 1983, and seeks permission from the Court to proceed *in forma pauperis*. For the reasons discussed below, the Court grants Sandy's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses, *sua sponte*, Sandy's claims against the City of New York, NYPD, D.A. Brown and A.D.A. Libansky. Sandy's claims against the remaining defendants, Detective Devlin, Officer Lujack and Officer Sullivan will proceed at this time.

## Standard of Review

The purpose of the statute permitting litigants to proceed in forma pauperis is to insure that indigent persons have equal access to the judicial system. *See Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A litigant need not demonstrate destitution, but he or she must demonstrate poverty to qualify. *See Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). Whether a plaintiff is eligible for *in forma pauperis* status is a determination that lies within the sound discretion of the district court. *See Choi v. Chemical Bank*, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action *sua sponte* where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*,

141 F.3d 434, 437 (2d Cir. 1998) (citation omitted).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, it is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

### I. In forma pauperis

Sandy's sworn declaration shows that he is currently incarcerated in Auburn Correctional Facility, has no money and owns no property. On these facts, Sandy has established that he does not have sufficient resources to pay the filing fee to commence this action, and his motion to proceed *in forma pauperis* is therefore granted.

### II. 42 U.S.C. § 1983

Sandy advances claims under § 1983 for false arrest, false imprisonment and malicious prosecution. It is well-settled that in order to sustain a § 1983 claim against a municipal defendant, a plaintiff must show the existence of an official policy or custom as well as a "direct causal link between [the] municipal policy or

custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Here, even construing the complaint liberally, as the Court must, plaintiff does not allege that any wrongful acts or omissions on the part of any New York City employees were attributable to a municipal policy or custom. Given this shortcoming, the Court dismisses Sandy's claims against the City of New York.

Sandy makes similar § 1983 claims against NYPD. However, NYPD itself may not be sued directly; instead, any suit against such a city agency must be brought against New York City itself. *Johnson v. NYPD*, 2012 WL 5607505, at *3 (E.D.N.Y. 2012); *Thomas v. NYPD*, 2013 WL 431335, at *1 (E.D.N.Y. 2013); *Richardson v. NYPD*, 2013 WL 101403, at *2 (E.D.N.Y. 2013). Accordingly, Sandy's claims against NYPD are dismissed, along with those filed directly against the City.

Sandy further seeks relief against D.A. Brown and A.D.A. Lipansky. "A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). A prosecutor's absolute immunity extends, among other things, to "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas." *Id.* Here, Sandy's only allegations against D.A. Brown and A.D.A. Lipansky relate to their conduct in prosecuting Sandy at trial, acts for which Brown and Lipansky enjoy absolute immunity. As a consequence, Sandy's claims against Brown and Lipansky are

4

dismissed.

## Conclusion

In accord with the foregoing analyses, the motion to proceed *in forma pauperis* is granted. Further, Sandy's claims against New York City, NYPD, D.A. Brown and A.D.A. Lipkansky are dismissed. No summons shall issue as to these defendants. The United States Marshals Service is, however, directed to serve the summons and complaint upon Detective Devlin, Officer Lujack and Officer Sullivan, without prepayment of fees. A courtesy copy of the summons, complaint, and this Memorandum & Order shall be sent by the Clerk of Court to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   Brooklyn, New York
         December 6, 2013

/S/ Judge Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge