IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KESTER SANDY,
                Plaintiff,        CLAIM

v.                                Civil No. 13-cv-6118 (ENV)(LB)

CITY OF NEW YORK;                In Both Their Official and
NEW YORK POLICE DEPARTMENT;    Individual Capacity
RICHARD BROWN, Queens Co. D.A.;
MARYAM LIPKANSKY, Queens Co. A.D.A.;  Jury Trial (Yes)
LEONARD DEVLIN, NYPD Det. (Retired);
GEORGE LUJACK, NYPD Offr. (Retired);
MICAHEL SULLIVAN, NYPD Offr. (103),
                Defendant(s).

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 0 2 2013 ★
BROOKLYN OFFICE

## A. INTRODUCTION

This is civil rights action filed by plaintiff (a New York State prisoner) for damages under 42 U.S.C. §1983 and state law torts alleging false arrest/imprisonment, malicious prosecution. and negligent supervision in violation of the Fourth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution. The plaintiff also alleges the torts of negligent loss of evidence, spoliation of evidence, due process violation and slander in violation of Article I, §§6, 8, and 12 of the New York Constitution and state tort.

## B. JURISDICTION

1. This Court has jurisdiction over plaintiff's claims of violation of federal constitutional rights under 28 U.S.C. §§1331(1) and 1343; C.P.L.R. Rule §§2102 and 2212.

2. This Court also has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## C. PARTIES

3. Kester Sandy (Plaintiff), was incarcerated at New York City Department of Corrections' Robert N. Daveron Center (R.N.D.C.), 11-11 Hazen Street, East Elmhurst, New York 11370, during the events described in this complaint.

4. Defendant Richard A. Brown (Brown), was at all relevant times herein the District Attorney for Queens County, City of New York. He is being sued in both his official and individual capacity.

5. Defendant Maryam N'ha Margo Lipkansky (Lipkansky), was at all relevant times herein employed as an Assistant District Attorney under Defendant Brown for Queens County, City of New York. Defendant Lipkansky is being sued in both official and individual capacity.

6. Defendant City of New York (CITY) was at all relevant times herein a municipal corporation for the City of New York in the State of New York.

6. Defendants George Lujack (Lujack), Leonard Devlin (Devlin), Michael Sullivan (Sullivan), and John Doe (Doe) was at all relevant times herein, employees of New York Police Department (N.Y.P.D.), which is part of the municipal corporation, the CITY because they are /or were city employees.

8. At all times relevant to this complaint, above defendants have acted and, based upon information and belief, continue to act under color of state law.

## D. FACTS

I. False Arrest And Imprisonment

9. On November 4, 2009, defendant Sullivan arrested plaintiff at 106 Precinct on second degree burglary (Penal Law § 140.25) and

related offenses under arrest number Q09665074.

10. Sullivan's arrest report alleged plaintiff broke into 103-02 123rd Street Queens County residence and stole property therein.

11. Sullivan complaint report also stated, in pertinent part "Deponent states that he is informed by Det. Leonard Devlin of the 106 Precinct Detective Squad that he respond to the above-mentioned location and recovered the above-mentioned T-Shirt and Pillowcase . . .." Sullivan's complaint report was sworn to under perjury penalties. The report further stated that Sullivan received information from complainant Courtney Mercado (Mercado) who claimed to have lived at above 123rd street address.

12. Later that day, queens County Criminal court arraigned plaintiff on above complaint under docket number 2009QN060404. Queens County held plaintiff on remand status following not guilty plea on second degree burglary and related crimes evolving from June 10, 2012 incident.

13. Plaintiff was transported to R.N.D.C. following arraignment.

II. Violation Of Due Process

14. Plaintiff was within the Federal Bureau of Prisons (F.B.O.P.) prior to above arrest on weapon possession charge under Title 18 U.S.C. § 922 (g)(1), and was sentenced December 15, 2004 to 78 months imprisonment.

15. Plaintiff submitted DNA sample on January 5, 2007, under DNA No. CPL00352 at FCC-USP Coleman 2. Plaintiff's DNA sample was entered into CODIS.

16. FCC-USP Coleman 2 released plaintiff on September 19,

2008. On October 17, 2008, plaintiff was extradited by Queens County officials under Indictment 765/2000. Queens County Supreme Court sentenced plaintiff November 21, 2008; a 17 year prison term was imposed.

17. New York State Corrections and Community Supervision (NYSDOCCS) admitted plaintiff December 22, 2008, prompting second DNA sample being taken.

18. The defendants waited 34 months to charge plaintiff for said offense without any justification; hence, causing pre-accusation delay in plaintiff's rights.

III. Negligent Supervision

19. Queens County District Attorney's Office filed Indictment 515/2012 March 3, 2010 against plaintiff.

20. Queens County Supreme Court arraigned plaintiff on Indictment 515/2010 March 18, 2010. Plaintiff pled not guilty.

21, Attorney Alan Gordon (Gordon) represented plaintiff and Lipkansky prosecuted said criminal case.

22. Defendant Brown developed and maintained a custom by exhibiting deliberate indifference to the constitutional rights of persons in Queens County, setting the stage for plaintiff's rights being violated.

23. It is the policy and/or custom of Brown to allow his Assistant Attorney's to inadequately and improperly investigate crimes anticipating likelihood of unlawful convictions. These practices/acts of misconduct effectuated under Brown's policies and customs include, but is not limited to: (a) manufacturing false statements under the penalties of perjury; (b) making personal attacks during

opening/closing summations against an accused; (c) committing pre-accusatory delay, etc. — all of which constitutes prosecutorial misconduct.

24. Defendant Brown knowingly failed to supervise or train his assistant attorneys, especially Lipkansky; thereby failing to discourage further constitutional violations on part of his assistants.

25. Brown negligence allowed Lipkansky to knowingly file documents with court containing false, misleading and incorrect statements (STATEMENTS) anticipating unlawful conviction.

26. Lipkansky's STATEMENTS were not limited to misinforming court and defense that: (a) "the place of crime was 103-02 123 Street . . .."; (b) "that even though [plaintiff] was arrested under the alias of Kevin Smith in Pennsylvania, the People could not have known [plaintiff's] whereabouts . . .."; (c) that the evidence which was collected at the place of crime was collected by the 106 Precinct Detective Squad; (d) that [plaintiff] refused to submit DNA; and (e) filing an affirmation in behalf of Erin Cavanaugh of DCJS and submitted no affidavit from such individual.

27. Lipkansky's STATEMENTS denoted avowed endeavors to wrongfully convict.

28. As a result of Brown's actions, Queens County, assistant attorneys know their actions would not be properly monitored and continued misconduct which Queens County has a history of, would not be investigated or sanctioned and rather be tolerated.

29. These customs demonstrate a deliberate indifference on the part of Brown who is in fact an official policy maker of the County of

Queens, City of New York to the Constitutional rights of persons within such jurisdiction, and were the cause of the violations of plaintiff's rights alleged herein.

IV. <u>Negligent Loss Of Evidence</u>

30. During pre-trial hearing, Devlin testified that a case file was made and that such information was left with his supervisor "Doe" prior to Devlin's retirement.

31. Devlin further stated that said file can no longer be found, nor does any official within the 106 Precinct command knows the whereabouts of such material.

32. The City through the acts of "Doe" and Devlin knew that said case file was part of an ongoing criminal investigation; yet, the City failed to secure such.

33. Because of such act, the City, Doe, and Devlin were negligent in failing to secure above file.

V. <u>Spoliation Of Evidence</u>

34. During trial, Sullivan stated that additional material pertaining to plaintiff's criminal case was stored in the basement area of the 106 Precinct.

35. That the material was destroyed under the care of the 106 Precinct.

36. That the basement was known as an unsafe and hazardous environment to store case files; yet, the City and it's employees continued to store case files in unsafe and hazardous environment.

37. The City through the act of Lujack also destroyed his memo book which contained additional facts that would be effective to

strengthen plaintiff's case.

38. Because it was known to City and employees thereof that 106 Precinct's basement was unsafe to secure case files, and Lujack intentionally destroyed Rosario material, causing spoliation of evidence.

VI. Malicious Prosecution

39. Mercado testified at trial that two individuals broke into 123rd Street residence.

40. Mercado stated prior to going to bed, she locked all doors at 123rd Street residence.

41. Mecardo stated that she was awaken by two unknown individuals.

42. Mecardo provided burglary suspects description to Lujack at approximately 4:30 am.

43. Mercado stated that she lived at said address where the place of crime occurred at trial, but admitted giving a different address in another county.

44. There was no force of entry anywhere within the premises of the crime scene which is actually 123rd Street.

45. There's no testimony or statement made by the person who actually lived at the place of crime.

46. That the lessee was in the house with her fiance when this incident occurred.

47. That there was no fingerprints taken from the crime scene.

48. That Lujack's contaminated crime scene evidence collected from 123rd Street residence. This evidence was subsequently utilized during plaintiff's trial.

49. That the evidence was exposed to additional contamination through NYPD and OCME officials improper chain of command.

50. N.Y.P.D. and Queens County District Attorney's Office officials were aware that, before initiating criminal charges against plaintiff, there was insufficient probable cause to arrest/prosecute plaintiff under above circumstances.

51. Queens Trial jury acquitted plaintiff on all charges because above case circumstances.

VII. Slander

52. Lipkansky personally attacked plaintiff with false accusations during closing argument after seeing that the jury knew that the case was weak.

53. Lipkansky's attack was deliberately done in an attempt to obtain an unlawful conviction.

54. Lipkansky actions constitutes prosecutorial misconduct and is a continuing problem in Queens County that defendant Brown allowed to go unpunished. Because of there being no consequence in Queens County, many people like plaintiff will continue to be violated.

E. EXHAUSTION OF ADMINISTRATIVE REMEDIES

55. Plaintiff has no administrative remedy to exhaust.

F. CLAIMS FOR RELIEF

56. The actions of defendants the City, N.Y.P.D., and Lipkansky in falsely arresting and falsely imprisoned plaintiff based upon false information which was known to defendants, were done with intent to deprive plaintiff of his right and constituted unlawful search & seizure in violation of the IV Amendment of the U.S. Constitution. Article I, § 12 of the N.Y. Constitution; Cruel and

Unusual punishment in violation of the VIII Amendment of the U.S. Constitution, Article I, § 8 of the N.Y. Constitution; not to deny plaintiff's rights in violation of the IX Amendment of the U.S. Constitution; involuntary servitude in violation of the XIII Amendment of the U.S. Constitution and right to due process in violation of the XIV Amendment of the U.S. Constitution, Article I, § 6 of the N.Y. Constitutiion.

57. The actions of defendants the City, N.Y.P.D., and Lipkansky in the prosecution of plaintiff for which they knew plaintiff's whereabouts for at least 34 months, thus causing pre-accusatory delay constituted plaintiff's right to due process in violation of Article I, § 6 of the N.Y. Constitution.

58. The failure of defendant Brown to take any action to curb the known pattern of prosecutorial misconduct by defendant Lipkansky and many other A.D.A.'s under his supervision constituted deliberate indifference to plaintiff's and other individuals rights, and contributed to and proximately caused the above described violations in paragraphs 56 and 57.

59. The failure of the City and N.Y.P.D. through the actions of Devlin's supervisor Doe to secure the file concerning the investigation of plaintiff's criminal case when it was negligently lost constituted deliberate indifference to plaintiff's rights, and contributed to and proximately caused the above-described violations in paragraphs 57 and 58.

60. The actions of the City of N.Y.P.D. in storing additional evidence pertaining to the investigation of plaintiff's criminal case in the basement area of the 106 precinct which was unsafe and

hazardous was intentional, and constituted the tort of spoliation of evidence under New York Law.

61. The actions of the City, N.Y.P.D., and Lipkansky in initiating a prosecution without sufficient probable cause, where done maliciously with the intent to believe that it would succeed to wrongfully convict plaintiff and as such, denied plaintiff due process of law in violation of the XIV Amendment to the U.S. Constitution, article I, § 6 of the N.Y. Constitution.

62. The actions of Lipkansky making of defamatory statements during closing summation was false, misleading and maliciously done with the intent to harm plaintiff in a reckless manner and without regards to it consequences. Such action constituted the tort of slander under N.Y. Law.

F. RELIEF REQUESTED

WHEREFORE, plaintiff request that the Court grant the following relief:

A. Award Compensatory damages in the following amounts:

1. $3,000,000 jointly and severely against defendants City, N.Y.P.D., and Lipkansky for the false arrest and imprisonment of plaintiff.

2. $3,000,000 jointly and severly against defendants the City, N.Y.P.D., and Lipkansky for the violation of plaintiff's due process rights because the preaccusatory delay which was unjustified.

3. $3,000,000 jointly and severely against defendant Brown for his negligence in failure in supervise his employees and who's office has a disturbing history of prosecutorial misconduct.

4. $3,000,000 jointly and severly against defendants the City

and N.Y.P.D. for negligently losing evidence which was part of plaintiff's ongoing criminal case.

5.  $3,000,000 jointly and severely against defendants the City and N.Y.P.D. for storing additional evidence in an unsafe and hazardous area which was part of plaintiff's ongoing criminal case.

6.  $3,000,000 jointly and severely defendants the City, N.Y.P.D., and Lipkansky for the malicious prosecution of plaintiff.

7.  $3,000,000 jointly and severely against defendant Lipkansky for the defamatory remarks she made during closing argument about plaintiff.

B.  Award punitive damages in the following amounts:

1.  $3,000,000 each against defendants Brown and Lipkansky.

Dated:   June 29, 2012
         Cayuga, New York

                                      Respectfully submitted,

                                      _____
                                      State DIN No.: 08A6684
                                      Auburn Correctional Facility
                                      135 State Street
                                      Auburn, New York 13024-9000

Encl.:  Verification

Supreme Court
State of New York
County of Queens

KESTER SANDY,  )
 )
        Plaintiff,  ) VERIFICATION
 )
   v.  )
 )
CITY OF NEW YORK, et al.  )
 )
        Defendants.  )
 )
 )

State of New York  )
 )  S.S.:
County of Cayuga  )

    I, KESTER SANDY, have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged upon information and belief and, as to those matters, I believe them to be true and correct.

    I certify that foregoing is true and correct.

Dated: Cayuga, New York
       June 29, 2012

                                    Respectfully submitted,

                                    Kester Sandy, Pro Se
                                    State DIN No.: 08A6684
                                    Auburn Correctional Facility
                                    135 State Street
                                    Auburn, New York 13024-9000

Sworn to before me this
29 day of June, 2012

_____
NOTARY PUBLIC

Leberius Vannenwart
Notary Public, State of New York
in Cayuga Co. No. 01VA6135853
My Commission expires 03/21/16